# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBERT L. MEDCALF, *et al.*,

    Plaintiffs,

v.

COUNTRYWIDE HOME LOANS, *et al.*,

    Defendants.

Case No. 2:10-cv-00235-LDG (PAL)

**ORDER**

    The plaintiffs, Robert L. Medcalf and Carol M. Medcalf, filed the present complaint in state court alleging claims against the defendants for (1) misrepresentation and fraud by omission, (2) quiet title, (3) contractual breach of the duty of good faith and fair dealing, (4) tortious breach of the duty of good faith and fair dealing, (5) conspiracy, (6) RICO, (7) unjust enrichment, (8) conspiracy to commit fraud, (9) fraud by obtaining signature by false pretenses. The Medcalfs seek, inter alia, injunctive and declaratory relief. The defendants, Countrywide Home Loans, Bank of America, Mortgage Electronic Registration Systems, Inc., and ReconTrust Company, move to dismiss the complaint (#10). The Medcalfs oppose the motion (#18). In connection with their motion, the defendants request that the Court take judicial notice of certain documents that are incorporated by reference into the

complaint, documents on file at the Clark County Recorder's Office, and recent court orders. The Medcalfs have not opposed the judicial notice of these documents, and the documents are each of a nature permitting judicial notice by this Court. Having read and considered the pleadings, and the judicially noticed documents, the Court will grant the motion.

Motion to Dismiss

The defendant's motion to dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6), challenges whether the plaintiff's complaint states "a claim upon which relief can be granted." In ruling upon this motion, the court is governed by the relaxed requirement of Rule 8(a)(2) that the complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." As summarized by the Supreme Court, a plaintiff must allege sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (U.S. 2007). Nevertheless, while a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*, at 555 (citations omitted). In deciding whether the factual allegations state a claim, the court accepts those allegations as true, as "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Further, the court "construe[s] the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F3.d 895, 900 (9th Cir. 2007).

However, bare, conclusory allegations, including legal allegations couched as factual, are not entitled to be assumed to be true. *Twombly*, 550 U.S. at 555. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal* 556 U.S. ___, 129 S.Ct. 1937, 1949

(2009).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Id.,* at 1950.  Thus, this court considers the conclusory statements in a complaint pursuant to their factual context.

To be plausible on its face, a claim must be more than merely possible or conceivable.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief."  *Id.*, (citing Fed. R. Civ. Proc. 8(a)(2)).  Rather, the factual allegations must push the claim "across the line from conceivable to plausible."  *Twombly.* 550 U.S. at 570.  Thus, allegations that are consistent with a claim, but that are more likely explained by lawful behavior, do not plausibly establish a claim.  *Id.*, at 567.

Statute of Limitations

The defendants suggest that, pursuant to Nev. Rev. Stat. 11.190, the applicable statute of limitations for plaintiffs' claims is three years.  The defendants note that the plaintiffs signed the underlying loan documents in June 2005, but did not file this action until October 2009.   The Medcalfs do not dispute this assertion, but argue that their claims are timely "because Plaintiffs learned of her [sic] causes of action just prior to filing this lawsuit."

The plaintiffs' rebuttal fails for several reasons.  First, at issue is not when the Medcalfs learned of their causes of action, but when they discovered the facts constituting the defendants' fraud or mistake.  Second, the Medcalfs have not alleged any facts suggesting that they first discovered the facts constituting fraud or mistake within the limitations period.

Lack of Specificity for Claims of Fraud

Rule 9(b) of the Federal Rules of Civil Procedure requires that plaintiffs "state with particularity the circumstances constituting fraud or mistake.  Such specificity in pleading a claim of fraud requires that plaintiffs allege facts as to the time, place and the substance of

3

the fraud. The plaintiffs cannot ambiguously and collectively allege that the "defendants" engaged in the fraudulent conduct, but must identify the defendant that engaged in the conduct. Further, to satisfy Rule 9(b), the plaintiffs must "set forth what is false or misleading about a statement, and why it is false." *See*, *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). In sum, the allegations of the complaint must "identif[y] the circumstances of the alleged fraud so that the defendants can prepare an adequate answer."

The Medcalfs assert, without any citation to their lengthy complaint, that "[t]he fraud occurred in connection with the making of the loan, by the Defendants, in, among other things, committing the acts set forth in the Complaint, during the loan approval process, and the subsequent securitization/sale of the loan." They argue that this "is sufficiently specific." The Medcalfs are incorrect.

The Medcalfs' complaint does not comply with Rule 9(b). Not even the most liberal interpretation of their complaint, nor of its allegations of fact, permits the conclusion that they have pled the requisite particularity of circumstances constituting the alleged fraud. The Court will dismiss, without prejudice, each of the Medcalfs' claims founded upon mistake or fraud.

Quiet Title

The Medcalfs admit that, as to the property that they purchased, they borrowed money and secured that loan with a Deed of Trust. They also "do not deny that a mortgage obligations [sic] was created." Nevertheless, the Medcalfs have not alleged any facts permitting a conclusion that they have satisfied their debt secured by the Deed of Trust. Accordingly, the claim is without any merit.

Good Faith and Fair Dealing

The Medcalfs' claims of breach of the duty of good faith and fair dealing must be dismissed because the Medcalfs' allegations, in their complaint, concern conduct that

occurred prior to the execution of the complaint.  Further, the Medcalfs have not alleged any facts showing that the requisite relationship existed between themselves and any defendant warranting imposition of a non-contractual duty of good faith and fair dealing.

Civil RICO and Racketeeing

The Medcalfs argue that they "anticipate that, after completion of discovery, a request to file an amended Complaint will be filed, at which time more particularity will be pled."  The plaintiffs' desire to engage in a discovery fishing trip does not state a cause of action.

Accordingly, for good cause shown,

THE COURT **ORDERS** that Defendants' Motion to Dismiss (#10) is GRANTED.

THE COURT FURTHER **ORDERS** that Plaintiffs may, if they so choose, file an amended complaint within fourteen days of the entry of this Order.  The Court will dismiss this matter with prejudice if plaintiffs fail to timely file an amended complaint that corrects the numerous and significant deficiencies of their original complaint.[1]

DATED this ____ day of August, 2010.

Lloyd D. George
United States District Judge

---

[1] While the plaintiffs are required to comply with Rule 9(b) in pleading fraud with particularity as to the circumstances, they must also comply with Rule 8(a)(2) and set forth a short and plain statement of the claim.  These are not mutually exclusive rules and both must be followed in pleading claims of fraud.  In the present matter, the Court readily concludes that the original complaint comports with neither Rule 8(a)(2) nor Rule 9(b).